IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          :
      Plaintiff

                                  :

        vs.                       : CRIMINAL NO. 1:CR-03-196
                               CIVIL NO. 1:CV-05-751
                                  :
DEMETRIO OTERO,
      Defendant                   :


*M E M O R A N D U M*

I.    *Introduction*.

      Petitioner, Demetrio Otero, has filed a pro se motion
under 28 U.S.C. § 2255 to vacate his sentence.  Otero believes
his sentence is too long because the court improperly used a
simple-assault conviction to increase his offense level by
sixteen points.  He also argues that his sentencing was improper
under *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738, 160
L.Ed.2d 621 (2005).


II.   *Background*.

      Defendant is a citizen of Mexico.  In July 2003, he
was indicted under 8 U.S.C. § 1326(a) and (b)(2) for illegally
entering and being found in the United States on or before May
28, 2003, after having been previously deported for the
commission of an aggravated felony.  The indictment does not
specify the aggravated felony.  In its response to Defendant's
motion, the government maintains it was a June 1999 Pennsylvania

conviction for simple assault.  The presentence report (PSR)
mentions this conviction, along with a July 1999 Pennsylvania
conviction for theft by unlawful taking.  (PSR, ¶ 4).  Defendant
was removed from the United States on August 21, 2001.  (*Id*.).
In September 2003, Defendant pled guilty to illegal reentry.

On May 14, 2004, he was sentenced to sixty months'
imprisonment.  A presentence report had been prepared which
established the guideline range for the sentence.  As part of
the calculation of the offense level, Defendant was given
sixteen points under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because the
simple-assault conviction qualified as a crime of violence under
that provision.  (PSR, ¶ 14).  On that simple-assault
conviction, Defendant had originally been sentenced to twenty-
four months of intermediate punishment under Pennsylvania law
with two month's credit for time served.  According to the PSR,
on July 12, 2000, a probation violation was filed, on March 2,
2001, his intermediate punishment was revoked, and Defendant was
resentenced to four to twenty-four months in prison.  (PSR, ¶
26).

With the sixteen points for the simple assault,
Defendant's total offense level was 21.  His criminal-history
points totaled nine.  Defendant thus had a guideline range of
fifty-seven to seventy-one months.  He took no direct appeal and
filed his 2255 motion in April 2005.

III.  *Discussion*.

Defendant argues that the conviction for simple assault should not have been used in the calculation of his offense level, and if it had been excluded, his guideline range would have been only eighteen to twenty-four months.

Asserting trial-counsel ineffectiveness for not raising the issue, Defendant first argues that the simple-assault conviction was improperly used because it does not qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). In support, he points out that the sentence he ultimately received on this conviction was four to twenty-three months, and he argues that the four-month minimum sentence does not meet section 1101(a)(43)(F)'s requirement that "the term of imprisonment" be "at least one year."

The sixteen-point increase was imposed because the simple-assault conviction had qualified as a crime of violence under section 2L1.2(b)(1)(A)(ii), not as an aggravated felony under section 2L1.2(b)(1)(C).[1]  The argument thus appears to be directed more at whether the sentence exceeded the statutory

---

[1]  An aggravated felony adds only four points to the base offense level, but section 2L1.2(b)(1) requires the imposition of the greater enhancement.

3

—

maximum, rather than to the sentence imposed.[2]  In any event, it has no merit.

The relevant portion of the sentence is the twenty-three-month maximum sentence Defendant received, *see Bovkun v. Ashcroft*, 283 F.3d 166, 170-71 (3d Cir. 2002)(when the sentence at issue has a minimum and maximum term, section 1101(a)(43)(F)'s requirement of a "term of imprisonment" of "at least one year" is determined by looking at the maximum term); *see also United States v. Frias*, 338 F.3d 206, 212 (3d Cir. 2003)("the sentence imposed" element of U.S.S.G. § 2L1.2(b)(1) is the maximum term of imprisonment in an indeterminate sentence consisting of a minimum and maximum term, citing *Bovkun*), and that sentence satisfies the "at least one year" requirement.[3]

---

[2]  Section 1326(a) authorizes up to two years' imprisonment for unlawful reentry.  Section provides 1326(b)(2) authorizes up to twenty years' imprisonment if the reentry happens when the deportation was after the commission of an aggravated felony. We need not decide here whether in light of *Booker, supra*, section 1326(b)(2) states a separate offense from section 1326(a).  *See generally, United States v. De Los Santos*, 47 Fed. Appx. 132 (3d Cir. 2002)(nonprecedential).

[3]  Defendant also argues that the conviction for theft by unlawful taking also does not qualify as an aggravated felony under section 1101(a)(43)(G), but we need not address this part of the argument since Defendant is only attacking the calculation of his offense level by the addition of the sixteen points authorized by U.S.S.G. § 2L1.2(b)(1)(A)(ii) and that calculation did not involve the unlawful-taking conviction.  In any event, the unlawful-taking conviction is an aggravated felony for the same reason we reject Defendant's argument against the simple-assault conviction as an aggravated felony. Defendant received the same four- to twenty-three-month sentence for the former crime.

In his reply brief, Defendant makes the alternative argument that it is the original sentence of twenty-four months of intermediate punishment that controls and since a sentence of intermediate punishment is the equivalent of probation, which, it has been held, does not count as a term of imprisonment, *see United States v. Hidalgo-Macias*, 300 F.3d 282, 285 (2d Cir. 2002), the simple-assault conviction was not an aggravated felony.[4]

We reject this argument. We need not decide if an intermediate-punishment sentence under Pennsylvania law is the equivalent of probation for our purposes here.[5] The simple-assault conviction is an aggravated felony on the independent ground that the sentence imposed after probation revocation counts toward determining the term of imprisonment. *See United States v. Compres-Paulino*, 393 F.3d 116, 118 (2d Cir. 2004); *Hidalgo-Macias*, supra, 300 F.3d at 285; *United States v. Moreno-Cisneros*, 319 F.3d 456, 458 (9th Cir. 2003); *United States v. Compian-Torres*, 320 F.3d 514, 515 (5th Cir. 2003). Defendant's citation to *United States v. Landeros-Arreola*, 260 F.3d 407 (5th

---

[4] He also seems to argue that his real sentence was two months, apparently getting this from the two months' credit on the intermediate-punishment sentence he received for time served. However, credit for any time served has no bearing on the issue. It is the actual term of imprisonment imposed. *See United States v. Graham,* 169 F.3d 787, 791 (3d Cir. 1999).

[5] In *Commonwealth v. Wegley*, 574 Pa. 190, 829 A.2d 1148 (2003), the Pennsylvania Supreme Court discusses this form of sentencing and compares it to probation, saying it is the more severe of the two.

Cir. 2001), is misplaced since there the original sentence was modified to one of probation after the defendant had qualified by serving time in a penal boot camp.  Here, Defendant's probation was revoked.

Defendant also argues that the government failed at sentencing to produce the record of his simple-assault conviction to qualify him for the sixteen points added to his offense level under guideline section 2L1.2(b)(1)(A)(ii).[6]  He contends the conviction was established merely by the PSR (see PSR, ¶¶ 4 and 26) and that the Supreme Court's recent decision in *Shepard v. United States*, ___ U.S. ___, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), precludes that approach.  He also points out that he never admitted to having committed the simple assault either before or after sentencing.

We reject the argument.  *Shepard* does not apply here, so we deal with it briefly.  As *Shepard* explained, when a federal sentencing scheme allows a prior conviction to be used to increase a sentence, the Supreme Court requires a "categorical approach" to determining whether the prior conviction qualifies under the scheme; i.e., the sentencing court may only look at the fact of conviction and the elements of the offense.  *Id.* at ___, 125 S.Ct. at 1258, 161 L.Ed.2d at

---

[6] Defendant refers to the need to establish that the conviction was an aggravated felony but, as noted, the conviction qualified as a "crime of violence" under the guideline section.

212.  But if that information is not enough, the Court has
recognized an exception for a narrow range of cases where
certain court documents show that the facts necessary to qualify
the conviction for use in increasing the sentence have been
established.  *Id.* at ___, 125 S.Ct. at 1263, 161 L.Ed.2d at 218.
In *Shepard*, this meant that police reports, containing only
allegations that would qualify the prior conviction, were not
sufficient.

Defendant cannot invoke *Shepard* here because the
context is completely different.  The simple-assault conviction
was listed in the PSR, the PSR used it in calculating his
sentencing range, and neither he nor his lawyer objected before
sentencing, as they were required to do under Fed. R. Crim. P.
32(f).  There was no reliance on a document *Shepard* has ruled
out of bounds to supply findings necessary to use section
2L1.2(b)(1)(A)(ii).

Significantly, Defendant does not assert that in fact
the simple-assault conviction does not qualify as a crime of
violence under section 2L1.2(b)(1)(A)(ii).  He confines his
position to the failure of the government to produce the record
of the conviction at sentencing.  This means two things.  First,
even if Defendant had asserted that his lawyer was ineffective
in not raising the claim at sentencing, he could not show that
counsel's performance was deficient or that it prejudiced
Defendant, the test for attorney ineffectiveness.  *See Jacobs v.*

*Horn*, 395 F.3d 92, 102 (3d Cir. 2005).  Second, since Defendant has the burden of proof in 2255 proceedings, *see Langston v. United States*, 105 F. Supp. 2d 419, 422 (E.D. Pa. 2000), Defendant has failed to meet his burden to establish that the sixteen-point increase was improper.

Finally, Defendant asserts that his sentencing violated *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  However, *Booker* does not apply retroactively to cases on collateral review.  *United States v. Lloyd*, 407 F.3d 608, 615-16 (3d Cir. 2005).

IV.  *Conclusion*.

We will issue an appropriate order.  The order will also deny a certificate of appealability, based on the analysis in this memorandum.  However, Defendant is advised that he has the right for sixty (60) days to appeal our order denying his 2255 motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22.


/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 18, 2005

8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          :
      Plaintiff

                                 :

      vs.                          : CRIMINAL NO. 1:CR-03-196
                                  CIVIL NO. 1:CV-05-751
                                 :
DEMETRIO OTERO,
      Defendant                    :

*O R D E R*

      AND NOW, this 18th day of July, 2005, it is ordered that:

      1.  The motion (doc. 24) under 28 U.S.C. § 2255 is denied.

      2.  A certificate of appealability is denied.

      3.  The Clerk of Court shall close this file.

                       /s/William W. Caldwell
                      William W. Caldwell
                      United States District Judge